### T. C. HOLMES, ET AL. *v.* E. CURTIS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—659.]

**Waiver of Exceptions.**

Where the trial court fails to act upon exceptions to depositions and upon the report of a commissioner, and afterwards the case is

submitted by agreement and no complaint made that the exceptions had not been acted upon, such exceptions are waived and the case will be considered as if no exceptions to the evidence had been taken, and since the trial court took no action as to the commissioner's report, there is nothing to review here.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

March 19, 1885.

OPINION BY JUDGE HINES:

Appellant, Holmes, in 1871 purchased at decretal sale twelve acres of land out of a tract of forty-six and three-fourths acres belonging to appellee. The sale was made to satisfy an unpaid purchase-money note, but the decree and the report of the commissioner making the sale failed to describe the portion of land sold. The report of the commissioner was confirmed but no deed made. Subsequently, appellee being indebted to Holmes on account of various transactions, a settlement was had and a mortgage executed by appellee to Hoimes on the entire tract to secure the amount found to be due Holmes. Holmes, on default of payment foreclosed the mortgage and had a decree for the sale of the entire tract according to the terms of the mortgage. By an agreement between Holmes, appellee, and Bradley, appellee executed his note to Bradley for the amount owing Holmes and secured by the mortgage, and Holmes assigned to Bradley his right to enforce the mortgage decree and his right to the twelve acres purchased by Holmes under the decree to enforce the lien.

Appellee failing to pay the note to Bradley, he proceeded to enforce the decree for the sale of the whole tract to satisfy the mortgage debt to Holmes, and Bradley became the purchaser for the sum of fifty. dollars. The commissioner reported the sale, appellee excepted but no action was taken by the court on the exceptions. This action was then instituted by Holmes for the use of Bradley, seeking to have set aside the twelve acres purchased by Holmes under the decree to enforce the lien.

Appellee answered and claimed that at the time of the purchase of the twelve acres by Holmes, it was agreed that Holmes should purchase and hold for appellee, and that by the acceptance of the mortgage upon the whole tract, appellant waived his right under

the purchase of twelve acres.   The court below dismissed the petition without prejudice.   Upon the appeal it is complained that the court failed to act upon exceptions to depositions, and upon the report of the commissioner on the sale under the mortgage to Holmes, and erred in dismissing the petition.

As to the failure to act upon the exceptions to the depositions, and upon the report of the commissioner, it is sufficient to say that .there is nothing to show that either was insisted upon.

The case was submitted by agreement, in chief, and no complaint made that the exceptions had not been acted upon.   That was a waiver of the exceptions and the case must be considered as if no exceptions to the evidence had been taken, and as to the commissioner's report, there being no action by the court, there is nothing to review, because the court had the right to reserve its action and order by which an appeal could be taken.

When all the evidence is considered, it is established that in the settlement between Holmes and appellee the amount agreed to be paid by Holmes on the purchase of the twelve acres of land was embraced in the amount for which the mortgage was given·on the whole tract of forty-six and three-fourths acres.   Whether the purchase under·the mortgage sale is valid remains for further consideration.

Judgment *affirmed.*

*Deming & Owens,* for *appellants.*

*Winfield Buckler,* for *appellee.*